**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Aristeo Policao, Bernardo Espinobairos, Cruz Garcia Marquez, and Javier Diaz Sanchez, on behalf of themselves and all other persons similarly situated,<br><br>    Plaintiffs,<br><br>         - vs. –<br><br>Amsterdam Sushi Inc. d/b/a Amsterdam Sushi, Amsterdam Sushi NYC Inc d/b/a Amsterdam Sushi, Ming Hui Liu, and Lucy Liu,<br><br>    Defendants. | DOCKET NO. _____<br><br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION** |

Plaintiffs Aristeo Policao, Bernardo Espinobairos, Cruz Garcia Marquez, and Javier Diaz Sanchez, by and through their undersigned attorneys, for their complaint against defendants  Amsterdam Sushi Inc. d/b/a Amsterdam Sushi, Amsterdam Sushi NYC Inc d/b/a Amsterdam Sushi, Ming Hui Liu, and Lucy Liu, allege as follows, on behalf of

themselves and on behalf of all other persons similarly situated:

## **NATURE OF THE ACTION**

1. Plaintiffs Aristeo Policao, Bernardo Espinobairos, Cruz Garcia Marquez, and Javier Diaz Sanchez, on behalf of themselves and all other persons similarly situated, current and former employees of defendants Amsterdam Sushi Inc. d/b/a Amsterdam Sushi, Amsterdam Sushi NYC Inc d/b/a Amsterdam Sushi, Ming Hui Liu, and Lucy Liu, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), allege that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2. Plaintiffs further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law

§§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for the defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for the defendants' illegal deductions from gratuities under New York Labor Law §§ 196-d and 663; (v) liquidated damages pursuant to New York Labor Law for these violations; and (vi) statutory damages for the defendants' violation of the Wage Theft Prevention Act.

## **THE PARTIES**

3.    Plaintiff Aristeo Policao is an adult individual residing in the New York, New York.

4.    Mr. Policao consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent was previously filed.

5.    Plaintiff Bernardo Espinobairos is an adult individual residing in the New York, New York.

6.    Mr. Espinobairos consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent was previously filed.

7.    Plaintiff Cruz Garcia Marquez is an adult individual residing in the New York, New York.

8.   Mr. Garcia Marquez consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent was previously filed.

9.   Plaintiff Javier Diaz Sanchez is an adult individual residing in the New York, New York.

10.  Mr. Diaz Sanchez consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent was previously filed.

11.  Defendant Amsterdam Sushi Inc. d/b/a/ Amsterdam Sushi, is a domestic business corporation organized under the law of the State of New York (hereinafter referred to as "Amsterdam Sushi") with a principal place of business at 1518 Amsterdam Avenue, New York, New York 10031.

12.  Defendant Amsterdam Sushi owns and operates a sushi restaurant located at 1518 Amsterdam Avenue, New York, New York.

13.  At all relevant times, defendant Amsterdam Sushi was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

14.  At all relevant times, defendant Amsterdam Sushi has been and continues to be an employer engaged in interstate commerce and/or the production of goods for

commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15.  Upon information and belief, at all relevant times, defendant Amsterdam Sushi has had gross revenues in excess of $500,000.00.

16.  Upon information and belief, at all relevant times herein, defendant Amsterdam Sushi has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

17.  Defendant Ming Hui Liu is an owner or part owner and principal of Amsterdam Sushi, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

18.  At all relevant times, Defendant Ming Hui Liu was involved in the day-to-day operations of Amsterdam Sushi and played an active role in managing the business.

19.  Defendant Lucy Liu is an owner or part owner and principal of Amsterdam Sushi, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

20.  At all relevant times, Defendant Lucy Liu was involved in the day-to-day operations of Amsterdam Sushi

and played an active role in managing the business.

21. Defendants constituted "employers" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

**JURISDICTION AND VENUE**

22. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

23. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

**COLLECTIVE ACTION ALLEGATIONS**

24. Pursuant to 29 U.S.C. § 206 and § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since May 10, 2018, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the

"Collective Action Members").

25. The Collective Action Members are similarly situated to Plaintiffs in that they were employed by defendants as non-exempt employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

26. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

27. Plaintiffs and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

28. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## **FACTS**

29. At all relevant times herein, the defendants owned and operated Amsterdam Sushi, a sushi restaurant in Manhattan, New York.

30. Plaintiff Aristeo Policao was employed at Amsterdam Sushi from approximately January 1, 2020, until

April 2021.

31.  Mr. Policao was employed as a delivery man.

32.  Mr. Policao's work was performed in the normal course of defendants' business, was integrated into the business of defendants, and did/does not involve executive or administrative responsibilities.

33.  At all relevant times herein, Mr. Policao was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

34.  During the first three months of his employment by defendant Amsterdam Sushi, from January through March of 2020, Mr. Policao worked a regular schedule seven days per week as follows: from 11 a.m. until 11 p.m.

35.  As a result, he was working approximately 84 hours per week during the first three months of his employment.

36.  During the next nine months of his employment by defendant Amsterdam Sushi, from April through December of 2020, Mr. Policao worked a regular schedule of six days per week as follows: from 11:00 a.m. until 11 p.m. Tuesday through Sunday, with Monday off.

37.  As a result, he was working approximately 72 hours per week during the next nine months of his employment.

38.  During the final four months of his employment by defendant Amsterdam Sushi, from January through April of 2021, Mr. Policao worked a regular schedule of five days per week as follows: from 11:00 a.m. until 11 p.m. Thursday through Sunday, and also on Tuesday, with Monday and Wednesday off.

39.  As a result, he was working approximately 60 hours per week during the final six months of his employment.

40.  Mr. Policao was paid weekly in cash, at the rate of $50 per day "house pay" throughout his employment by Defendants.  He also received approximately $750 in cash tips per week during the period from January through March 2020; $650 in cash tips per week during the period from April through December 2020; and $525 in cash tips during the period from January through April 2021.

41.  Plaintiff Bernardo Espinobairos was employed at Amsterdam Sushi from approximately January 1, 2020, through October 2020.

42.  Mr. Espinobairos was employed as a delivery man.

43. Mr. Espinobairos's work was performed in the normal course of defendants' business, was integrated into the business of defendants, and did/does not involve executive or administrative responsibilities.

44. At all relevant times herein, Mr. Espinobairos was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

45. Mr. Espinobairos worked a regular schedule of six days per week from 3 p.m. until 11 p.m., with Mondays off.

46. As a result, he was working approximately 48 hours per week during his employment by Defendants.

47. Mr. Espinobairos was paid weekly in cash, at the rate of $25 per day "house pay" throughout his employment by Defendants. He also received approximately $300 in cash tips per week, less approximately $70 in deductions taken from his tips by the defendants.

48. Plaintiff Cruz Garcia Marquez has been employed at Amsterdam Sushi from approximately June 1, 2020, through the present.

49. Mr. Cruz Garcia has been employed by the defendants as a delivery man.

50. Mr. Cruz Garcia's work was performed in the normal course of defendants' business, was integrated into the business of defendants, and did/does not involve executive or administrative responsibilities.

51. At all relevant times herein, Mr. Cruz Garcia was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

52. During his employment by the defendants, Mr. Cruz Garcia has worked a regular schedule of six days per week as follows: On Monday and Thursday he works from 11 a.m. until 11 p.m.; on Tuesdays, Wednesday, Friday and Saturday he works from 3 p.m. until 11 p.m. On Sunday he is off.

53. As a result, he has been working approximately 56 hours per week during his employment by Defendants.

54. Mr. Cruz Garcia has been paid weekly in cash, at the rate of $25 per day "house pay" for his 8-hour shifts, and $50 per day "house pay" for his 12-hour shifts, throughout his employment by Defendants. He also receives approximately $800 in cash tips per week.

55. Plaintiff Javier Diaz Sancheaz was employed at Amsterdam Sushi from approximately October 2019, through August 2020.

56. Mr. Javier Diaz Sanchez was employed by the defendants as a delivery man.

57. Mr. Diaz Sanchez's work was performed in the normal course of defendants' business, was integrated into the business of defendants, and did/does not involve executive or administrative responsibilities.

58. At all relevant times herein, Mr. Diaz Sanchez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

59. Mr. Diaz Sanchez worked a regular schedule of six days per week from 3 p.m. until 11 p.m., with Tuesdays off.

60. As a result, he was working approximately 48 hours per week during his employment by Defendants.

61. Mr. Diaz Sanchez was paid weekly in cash, at the rate of $25 "house pay" per day when his employment by the defendants began, and then later during his employment $50 "house pay" per day.  He also received approximately $500 in cash tips per week throughout his employment by the defendants.

62. Each of the plaintiffs received the weekly amounts described herein above for all hours worked each week, regardless of the exact number of hours worked in a

given week.

63. As a result, Plaintiffs' effective rates of pay were each below the statutory New York City minimum wage in effect at relevant times.

64. Defendants' failure to pay each Plaintiffs an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

65. Plaintiffs have each been paid in cash throughout their employment by the defendants, and received no paystubs or wage statements of any sort with their pay.

66. In addition, the defendants failed to pay Plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

67. Defendants' failure to pay each Plaintiff the overtime bonus for overtime hours they each worked was willful, and lacked a good faith basis.

68. Defendants failed to provide each Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the defendants' contact information, the regular and overtime

rates, and intended allowances claimed – and failed to obtain each plaintiff's signature acknowledging the same, upon each plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

69. Defendants failed to provide each plaintiff with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

70. Upon information and belief, throughout both periods of each plaintiff's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like plaintiffs (the "Collective Action Members") in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

71. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

72.  Upon  information  and  belief,  Defendants  have
failed  to  pay  these  other  individuals  at  a  rate  at  least
equal  to  the  minimum  wage,  in  violation  of  the  FLSA  and  the
New  York  Labor  Law.

73.  Upon  information  and  belief,  these  other
individuals  have  worked  in  excess  of  forty  hours  per  week,
yet  defendants  have  likewise  failed  to  pay  them  overtime
compensation  of  one-and-one-half  times  their  regular  hourly
rate  in  violation  of  the  FLSA  and  the  New  York  Labor  Law.

74.  Upon  information  and  belief,  these  other
individuals  were  not  provided  with  required  wage  notices  or
weekly  wage  statements  as  specified  in  New  York  Labor  Law
§§  195.1,  195.3,  and  the  Wage  Theft  Prevention  Act.

75.  Upon  information  and  belief,  while  the  defendants
employed  the  plaintiffs  and  the  Collective  Action  Members,
and  through  all  relevant  time  periods,  the  defendants
failed  to  maintain  accurate  and  sufficient  time  records  or
provide  accurate  records  to  employees.

76.  Upon  information  and  belief,  while  the  defendants
employed  the  plaintiffs  and  the  Collective  Action  Members,
and  through  all  relevant  time  periods,  the  defendants
failed  to  post  or  keep  posted  a  notice  explaining  the
minimum  wage  and  overtime  pay  rights  provided  by  the  FLSA

or New York Labor Law.

## COUNT I

### (New York Labor Law — Minimum Wage)

77. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

78. At all relevant times, Plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

79. Defendants willfully violated Plaintiffs' rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

80. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

81. Due to the defendants' New York Labor Law violations, Plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action,

pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

82. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

83. At all relevant times, the defendants employed Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

84. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

85. As a result of defendants' willful failure to compensate their employees, including Plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

86. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29

U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

87. Due to the defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **COUNT III**

### **(New York Labor Law - Overtime)**

88. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

89. At all relevant times, Plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

90. Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

91.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

92.  Due to the defendants' New York Labor Law violations, Plaintiffs and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (NEW YORK LABOR LAW – SPREAD OF HOURS)

93.  Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

94.  At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

95.  Defendants willfully violated Plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked a shift lasting in

excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

96. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

97. Due to Defendants' New York Labor Law violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Illegal Deductions from Gratuities

98. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege and incorporate by reference the foregoing allegations as if fully set forth herein.

99.  Defendants retained portions of Plaintiffs' tips during the period in which the plaintiffs were employed by Defendants.

100. Defendants' retention of the tips was willful within the meaning of New York Labor Law §§ 196-d, and 663.

101. Because Defendants' retention of Plaintiffs' tips was unlawful, and willful, Plaintiffs are entitled to an award of damages, including liquidated damages, pre- and post-judgment interest, costs and attorney's fees, as provided by New York Labor Law §§ 196-d, and 663.

## COUNT VI

### (New York Labor Law – Wage Theft Prevention Act)

102. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

103. At all relevant times, Plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

104. Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or

at any time thereafter.

105. Defendants willfully violated Plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

106. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiffs are each entitled to recover from the defendants statutory damages of $250 per day, for each day by the defendant of their employment by the defendants, up to the maximum statutory damages.

107. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are each entitled to recover from the defendants statutory damages of $50 per day for each day of their employment by the defendants, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

    a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant

to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

f.  Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

g.  Compensatory damages for unlawful retention of gratutities pursuant to New York Labor Law;

h.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

i.  Liquidated damages for the defendants' New York Labor Law violations;

j.  Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

k.  Back pay;

l.  Punitive damages;

m.  An award of prejudgment and postjudgment interest;

n.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

o.  Such other, further, and different relief as
this Court deems just and proper.

Dated: May 10, 2021

/s/ Michael Samuel
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiff,
*Individually and on behalf of an
FLSA collective action*